PER CURIAM.
hThe instant matter arises from a verified complaint requesting an instanter order seeking to place the minor child, seven month old L.B., in the legal custody of the State of Louisiana, Department of Social Services, Office of Community Services (“OCS”), pursuant to the Louisiana Children’s Code. The OCS alleged that L.B. had suffered extensive injuries and neglect for which his parents, P.B. and L.W., could offer no reasonable explanation, and therefore that reasonable grounds existed'to find L.B. was a child in need of care.
Included in support of the OCS complaint was an affidavit from the child’s treating physician, as well as a report authored by the OCS staff physician, both of which detailed the child’s injuries and diagnoses, including that the child suffered from two severe and separate non-accidental brain injuries (indicating “shaken-baby” syndrome); a “bucket-handle” fracture of the leg (typically indicative of a wrenching or pulling injury); and a failure to thrive. Both physicians concluded the child’s injuries were “non-accidental” trauma and could not have occurred as explained by the child’s mother. The physicians also expressed concern that the child’s home environment was the cause of his injuries. The Juvenile Court for the Parish of East Baton Rouge signed an order placing L.B. into the temporary custody of OCS, finding that based on the verified complaint, L.B. is in need of care.
Subsequently, the Juvenile Court held a continued custody hearing over a two-day period in June 2008. The court heard testimony from the child’s parents, the OCS |¡,caseworker, and expert medical testimony from the child’s treating physician and the OCS staff physician. At the close of evidence, the Juvenile Court concluded no reasonable grounds existed to find L.B. was a child in need of care. The court found no evidence that the child’s parents abused him, ruling out P.B. and L.W. as the cause of L.B.’s injuries, and therefore returned the child to his parents’ custody. The court also ordered that OCS provide protective supervision over the family for six months.
From this judgment, the child’s court-appointed counsel applied for supervisory writs. The court of appeal denied the writ on the showing made. The child now seeks review of the portion of the Juvenile Court’s judgment which failed to adjudicate him a child in need of care.
As a threshold matter, we note this application does not involve the issue of whether L.B. should be permanently removed from his parents’ custody by termi *64 nation of parental rights. Rather, the narrow issue presented for our consideration is whether reasonable grounds exist to believe that L.B. should be determined to be a child in need of care and should be placed in the custody of the OCS, based on the verified complaint of the OCS.
The purpose of Title VI of the Children’s Code, entitled “Child in Need of Care” and applicable to these proceedings, is “to protect children whose physical or mental health and welfare is substantially at risk of harm by physical abuse, neglect, or exploitation and who may be further threatened by the conduct of others.... ” La. Ch. C. art. 601. Furthermore, the health, safety, and best interest of the child shall be the paramount concern in all proceedings under Title VI. Id.
We are mindful of the great deference owed to the findings of the Juvenile Court. In re A.J.F., 00-0948 (La.6/30/00), 764 So.2d 47. We also note that the OCS has the burden to prove the allegations of the petition by a preponderance of | .¡evidence. La. Ch. C. art. 665; State in the Interest of J.K, 33,878 (La.App. 2nd Cir.6/23/00), 764 So.2d 287, writ denied, 00-2637 (La.10/6/00), 771 So.2d 83. It is not the OCS’s duty to prove its case beyond a reasonable doubt, by clear and convincing evidence, or to disprove every hypothesis of innocence. Id.
In the present case, the Juvenile Court reasoned that “there is nothing in these records or any of the testimony that would tend to indicate that either [L.W. or P.B., the parents] is responsible for this child’s injuries ...” As a result, the court concluded there is “no reasonable ground for the child to be in need of care ...”
However, La. Ch.Code art. 606(A)(1) simply requires that “[t]he child is the victim of abuse perpetrated, aided, or tolerated by the parent or caretaker ...” La. Ch.Code art. 603(1)(A) defines abuse as an act which seriously endangers the physical, mental, or emotional health and safety of the child; including “[t]he infliction, attempted infliction, or, as a result of inadequate supervision, the allowance of the infliction or attempted infliction of physical or mental injury upon the child by a parent or any other person.”
The expert medical evidence adduced at the continued custody hearing in this case, including the affidavit of the child’s treating physician and the testimony of the OCS staff physician, unequivocally establishes that the child’s injuries were non-accidental traumas; that these traumas occurred on separate occasions; and that the child’s injuries more likely than not did not occur in the manner in which the mother claimed. While the evidence does not prove that either parent physically abused their child, the evidence does prove they “tolerated” the abuse of L.B. and permitted the child to remain in an abusive household/environment.
Consequently, we find that based on the expert medical evidence, reasonable grounds exist to find the minor child, L.B., is a child in need of care and should be Lplaced in the custody of OCS. Placing the child into the custody of OCS will allow OCS time to further investigate the situation, interview additional family members in an attempt to discover the source of the abuse, develop a case plan for the family, and ensure the child’s best interests, safety, and protection.
Accordingly, the writ is granted. The judgment of the Juvenile Court for the Parish of East Baton Rouge is reversed and the case is remanded to the Juvenile Court for further proceedings consistent with this opinion.